UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -3  A 8: 59

U.S. DISTRICT COURT
DISTRICT OF MASS.

RICHARD POWERS,

           Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, UNUMPROVIDENT
CORPORATION, and ZIZIK, LASALLE &
POWERS, P.C. GROUP LONG TERM
DISABILITY PLAN,

           Defendants.

CIVIL ACTION
Docket No: 04-12418 DPW

## ANSWER

Defendants Unum Life Insurance Company of America ("Unum"), UnumProvident Corporation ("UnumProvident"), and Zizik, LaSalle & Powers P.C. Group Long Term Disability Plan (the "Plan") (collectively, the "Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

1.     Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit that Plaintiff challenges Unum's practices and decisions in relation to his claim as set forth in Paragraph 2 of Plaintiff's Complaint; Defendants deny the truth of such allegations.

3.     In response to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff has filed this action to seek the identified remedies, but they deny that he is entitled to such remedies.

{W0310341 2}

## JURISDICTION

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendants admit the first sentence of Paragraph 5 of Plaintiff's Complaint. The remainder of Paragraph 5 states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny that UnumProvident is the "holding company for Unum" and admit the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny that the Plan was "issued by Unum to Zizik, LaSalle, & Powers, P.C." Defendants are without knowledge or information sufficient to form a belief as to whether Zizik, LaSalle & Powers P.C. is a for-profit company and the location of its principal place of business. Defendants admit the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

## STATEMENT OF FACTS

**Insurance Entitlement, Definitions of Disability, Discretion**

10.     Defendants deny that Plaintiff was "disabled" and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny that Plaintiff was "entitled" to LTD benefits and admit the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     In response to Paragraph 15 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

16.     In response to Paragraph 16 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

17.     In response to Paragraph 17 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

18.     In response to Paragraph 18 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

20  In response to Paragraph 20 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

**Mr. Powers' Claim for LTD Benefits**

21. Defendants admit that Plaintiff presented a claim to Unum, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

**Onset of Disability and Diagnosis**

22. Defendants admit that Plaintiff provided to Unum a report from Dr. Mark Drapkin dated May 2, 2001, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants admit that Plaintiff provided to Unum a report from Dr. Mark Drapkin dated May 2, 2001, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants admit that Plaintiff provided to Unum several reports from Dr. Julie Silver, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants admit that Plaintiff provided to Unum several reports from Dr. Silver the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny that Plaintiff's "symptoms impeded [his] ability to perform as a litigation attorney." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit that Plaintiff provided to Unum reports from Dr. Silver dated September 30, 2002, and November 11, 2002, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28. In response to Paragraph 28 of Plaintiff's Complaint, Defendants admit that Plaintiff provided to Unum a report from Dr. Silver dated January 11, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

29. In response to Paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff provided to Unum a report from Dr. Silver dated March 19, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

30. Defendants admit that Plaintiff provided to Unum a letter from Amy E. Vercillo to Plaintiff dated November 6, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants admit that Plaintiff provided to Unum records indicating that Plaintiff visited a speech therapist, an occupational therapist, and a physical therapist. Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit that Plaintiff provided Unum with records from Stephanie Machell, Psy. D., and Dr. Silver, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit that Plaintiff ceased working on February 28, 2003. Defendants deny that Plaintiff was unable to continue working as an attorney. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

**Application for LTD Benefits**

34. Defendants admit that Plaintiff sent Unum a letter dated March 3, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. In response to Paragraph 35 of Plaintiff's Complaint, Defendants state that the contents of the letter speak for themselves, and they deny any allegations to the contrary.

36. In response to Paragraph 36 of Plaintiff's Complaint, Defendants admit that Plaintiff submitted to Unum a claim dated April 6, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants admit that Mr. Monahan interviewed Plaintiff on April 29, 2003. The contents of the Customer Care Center Field Report prepared by Mr. Monahan on March 1, 2002, speak for themselves, and Defendants deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

**Unum's Initial Denial of Mr. Powers' Claim for LTD Benefits**

39. Defendants admit the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. In response to Paragraph 41 of Plaintiff's Complaint, Defendants state that the contents of the August 9, 2003, letter speak for themselves and Defendants deny any allegations to the contrary.

42. In response to Paragraph 42 of Plaintiff's Complaint, Defendants state that the contents of the Plan speak for themselves, and they deny any allegations to the contrary.

43. In response to Paragraph 43 of Plaintiff's Complaint, Defendants state that the contents of the August 9, 2003, letter speak for themselves and Defendants deny any allegations to the contrary.

**Mr. Powers' Request for Reconsideration**

44. In response to Paragraph 44 of Plaintiff's Complaint, Defendants admit that Plaintiff requested reconsideration in a letter dated November 13, 2003, the contents of which speak for themselves, and they deny any allegations to the contrary.

45. In response to Paragraph 45 of Plaintiff's Complaint, Defendants state that the contents of Plaintiff's November 13, 2003, letter speak for themselves and they deny any allegations to the contrary.

46. Defendants admit the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Complaint.

**Unum's Second Denial of Mr. Powers' Claim for LTD Benefits**

48. Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. In response to Paragraph 49 of Plaintiff's Complaint, Defendants state that the contents of Mr. Spellman's January 2, 2004, letter to Plaintiff speak for themselves and Defendants deny any allegations to the contrary.

50. In response to Paragraph 50 of Plaintiff's Complaint, Defendants state that the contents of Mr. Spellman's January 2, 2004, letter speak for themselves and Defendants deny any allegations to the contrary.

51. In response to Paragraph 51 of Plaintiff's Complaint, Defendants state that the contents of Mr. Spellman's January 2, 2004, letter speak for themselves and Defendants deny any allegations to the contrary.

52. Defendants admit Unum's denial of Plaintiff's claim was based in part on the reviews as alleged in Paragraph 52 of Plaintiff's Complaint. Defendants deny that Unum's decision was based solely on those reviews.

### Mr. Powers' Appeal of Unum's Decision to Deny LTD Benefits

53. Defendants admit the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. In response to Paragraph 54 of Plaintiff's Complaint, Defendants state that the contents of the appeal speak for themselves, and Defendants deny any allegations to the contrary. Defendants specifically deny that the materials submitted by Plaintiff on appeal supported a finding of total disability and that Unum had an "erroneous understanding" of Plaintiff's alleged condition.

55. In response to Paragraph 55 of Plaintiff's Complaint, Defendants admit that Unum sent Plaintiff a letter dated March 25, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

56. Defendants admit the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants admit the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. In response to Paragraph 58 of Plaintiff's Complaint, Defendants admit that on April 13, 2004, Plaintiff's counsel sent Unum medical records from Spaulding Rehabilitation Hospital. Defendants are without knowledge or information sufficient to form a belief as to whether these records were "updated."

59. Defendants admit the allegations contained in Paragraph 59 of Plaintiff's Complaint.

{W0310541 2}

9

60. In response to Paragraph 60 of Plaintiff's Complaint, Defendants state that the contents of Unum's June 2, 2004, letter to Plaintiff speak for themselves, and they deny any allegations to the contrary.

61. Defendants admit that Plaintiff's counsel submitted to Unum information including research conducted by Dr. Richard Bruno and a Social Security Administration ruling addressing PPS. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants admit that on April 20, 2004, Plaintiff submitted to Unum medical records of Dr. Chiachen Hsu, the contents of which speak for themselves, and deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of Plaintiff's Complaint.

63. Defendants admit the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint.

**Unum's Refusal to Provide Mr. Powers with his Complete Disability Claim File**

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants admit that Unum sent Plaintiff's counsel a copy of Plaintiff's claim file and that a note was affixed to the file. The contents of the note speak for themselves, and Defendants deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. In response to Paragraph 67 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel sent to Unum a letter dated April 28, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

68. Defendants admit that Plaintiff's counsel sent to Unum a letter dated May 21, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. In response to Paragraph 69 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel sent to Unum a letter dated June 8, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

70. In response to Paragraph 70 of Plaintiff's Complaint, Defendants admit that Unum sent to Plaintiff's counsel a letter dated June 14, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

71. In response to Paragraph 71 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel sent to Unum a letter dated July 23, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

72. In response to Paragraph 72 of Plaintiff's Complaint, Defendants admit that Unum sent to Plaintiff's counsel a letter dated August 11, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

73. In response to Paragraph 73 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel sent to Unum a letter dated September 8, 2004, the contents of which speak for themselves, and they deny any allegations to the contrary.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 75 of Plaintiff's Complaint.

**Unum's Final Denial of Mr. Powers' Claim for LTD Benefits**

76. In response to Paragraph 76 of Plaintiff's Complaint, Defendants admit that Unum sent Plaintiff a letter dated September 1, 2004, denying his claim. The contents of that letter speak for themselves, and Defendants deny any allegations to the contrary.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendants admit that a Physical Medicine and Rehabilitation physician reviewed Plaintiff's claim. Defendants deny the remaining allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendants admit the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendants admit that the file contains a vocational assessment prepared by Ms. Vercillo. The contents of that assessment speak for themselves and Defendants deny any allegations to the contrary. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of Plaintiff's Complaint.

**Summary**

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendants admit that Plaintiff has brought this action and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 of Plaintiff's Complaint.

### FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan / Action for Unpaid Benefits)

93. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 92 of Plaintiff's Complaint.

94. Paragraph 94 of Plaintiff's Complaint states a legal conclusion to which no response is required.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. In response to Paragraph 96 of Plaintiff's Complaint, Defendants admit that the quotation is accurate, but deny that Plaintiff is entitled to relief under the quoted statute.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)

102. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 101 of Plaintiff's Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendants admit the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

### FOURTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SIXTH DEFENSE

Each and every act or statement done or made by Defendants and its officers, employee and agents with reference to Plaintiff was a good-faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

## SEVENTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

## EIGHTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which Defendants deny, such determinations to do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## NINTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

## TENTH DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA.

## REQUESTED RELIEF

Defendants respectfully request: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants

be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: February 2, 2005

Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorney for Defendants
Unum Life Insurance Company of America
UnumProvident Corporation
Zizik, LaSalle & Powers, P.C, Long Term Disability Plan

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for Plaintiff, via overnight mail, postage prepaid, addressed as follows:

>Mala M. Rafik, Esq.
>Rosenfeld & Rafik
>44 School Street
>Boston, MA  02108

DATED: February 2, 2005

_____
Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100