UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD POWERS,<br><br>    Plaintiff<br><br>V.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, AND ZIZIK, LASALLE & POWERS, P.C. GROUP LONG TERM DISABILITY PLAN,<br><br>    Defendants | CIVIL ACTION NO. 04-12418 DPW |

**JOINT STATEMENT REGARDING PRETRIAL MATTERS**

Pursuant to Local Rule 16.1, the Plaintiff, Richard Powers (hereinafter "Plaintiff") and the Defendants Unum Life Insurance Company of America, UnumProvident Corporation and the Zizik, LaSAlle & Powers, P.C. Group Long Term Disability Plan (hereinafter collectively referred to as "Defendants") file this Joint Statement Regarding Pretrial Matters.

<u>Proposed Discovery Plan and Schedule for Motions</u>

The parties propose the schedule set forth below for consideration by the Court. The parties do not wish to conduct phased discovery.

a.  Insofar as this matter involves the review of a record whose content will be decided based on the methodology set forth herein, the parties are relieved on any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. <u>See</u>, Fed. R. Civ. P. 26(a)(1)(E).

b.  Motions to join additional parties and to amend the pleadings must be filed by **May 6, 2005**.

c.  Insofar as this matter solely concerns the Court's review of a claim for benefits under ERISA, which may be limited to the Court's review of the administrative record, the Court orders that the Defendants provide to Plaintiff on or before **May 6, 2005**, a Proposed Record for Judicial Review ("Proposed Record") as follows.  The Proposed Record shall consist of the following documents:  1) all non-privileged documents contained in the Defendants' claim file concerning Plaintiff's claim; and 2) all relevant plan documents in the possession of the Defendants.   Should the Defendants claim that any of the documents in its possession are privileged, the Defendants agree to produce a Privilege Log to the Plaintiff with the Proposed Record.

d.  Upon receiving the Proposed Record, the Plaintiff shall review the documents submitted as part of the record and identify those documents containing information that must be redacted or filed under seal pursuant to Rule 5.3 of this Court's Rules (amendment effective May 6, 2003).  Plaintiff shall bear sole responsibility for identifying information that must be redacted or filed under seal pursuant to Rule 5.3.   Plaintiff shall notify Defendants' counsel in writing by **June 6, 2005**, providing a list of all information it seeks to redact, or file under seal pursuant to Local Rules 5.3.  If the Defendants object to the redaction or filing under seal of any of the information Plaintiff proposes to redact or file under seal, the parties shall confer in an attempt to resolve those issues.  If the issues cannot be resolved, either party may file a motion on or before **June 30, 2005** with the Court seeking a ruling on any such issue.  Alternatively, either party may file a motion to seal the entire Record for Judicial Review, on or before **July 22, 2005**.

e.  If after receiving the Proposed Record the Plaintiff claims that the Proposed Record is incomplete or inaccurate in any way, she must notify the Defendants' counsel in writing of

the same by **June 6, 2005**. If the Plaintiff does not provide such notice by **June 6, 2005** then the Defendants shall file with the Court each of the documents previously served on Plaintiff entitled "Agreed Upon and Complete Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to agree upon the contents of the Record for Judicial Review by **June 30, 2005**. If the parties come to an agreement, they are to immediately file an "Agreed Upon and Complete Record For Judicial Review." If the parties cannot agree on the Record For Judicial Review, then the parties shall file with the Court by **July 22, 2005**, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the Record For Judicial Review, the parties shall file memoranda concerning any additional material they seek to have added to the Record For Judicial Review by **July 22, 2005**.

f.  If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by **July 22, 2005**. Counsel to any party not proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

g.  If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the Record For Judicial Review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing

would be material to the disposition of this civil action. Any request for such evidentiary hearing must be filed by **July 22, 2005**. Counsel to any party not proposing the evidentiary hearing shall have two weeks from the service of a request for such a hearing to file an opposition thereto.

h.  Any party filing a Motion for Judgment on the Administrative Record shall do so on or before **August 26, 2005**, or two months after the Court rules on any outstanding motions regarding the scope of the administrative record, discovery or an evidentiary hearing.

i.  Any party filing an Opposition to a Motion for Judgment on the Administrative Record shall do so thirty days (30 days) following receipt of the Motion for Judgment on the Administrative Record.

Respectfully submitted,

By:  /s/ Mala M. Rafik

   Attorney for the Plaintiff
   Mala M. Rafik
   BBO No. 638075
   ROSENFELD & RAFIK, P.C.
   44 School Street, Suite 410
   Boston, MA 02108
   (617) 723-7470

By:  /s/ Geraldine G. Sanchez (MMR)

   Attorney for the Defendant
   Geraldine G. Sanchez
   Admitted Pro Hac Vice
   PERCE ATWOOD
   One Monument Square
   Portland, ME 04101
   (207) 791-1332

Date:  March 31, 2005